UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24828-CIV COOKE/GOODMAN

TONJA NIXON,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION FOR BILL OF COSTS

In this Civil Rights case, Plaintiff Tonja Nixon filed a one-count complaint against Defendant Miami-Dade County in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County under Title 11 of the Americans with Disabilities Act, alleging Defendant did not offer proper accommodations for her disability and constructively terminated her employment. [ECF No. 1-1]. Plaintiff filed an Amended Complaint [ECF No. 1-2] and Defendant removed the action to Federal Court. [ECF No. 1]. Defendant filed a summary judgment motion [ECF No. 14], which the District Court granted [ECF No. 27].

After the Court granted Defendant's summary judgment motion, Defendant filed a motion for bill of costs. [ECF No. 29]. Plaintiff has not filed a response and the time to

do so has passed.

United States District Judge Marcia G. Cooke referred to the Undersigned "all non-dispositive pretrial matters, as well as motions for attorney's fees and costs and motions for sanctions, in accordance with 28 U.S.C. §§ 636(b)(1)(A) and (B)." [ECF No. 4]. Accordingly, the Undersigned now issues this Report and Recommendations on Defendant's motion for bill of costs. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Defendant's Motion and award Defendant **$2,024.50** in taxable costs (**$6.00** less than the requested amount).

I.  **Legal Standard**

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the Court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the Court is still limited to taxing only those costs specifically authorized by statute. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II.   Analysis

"A 'prevailing party' is the party in whose favor judgment is rendered by the Court." *Pronman v. Styles*, No. 12-80674, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015) (citing *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, Inc., 298 F.3d 1238, 1248 (11th Cir. 2002)). As the prevailing party in this case, Defendant is requesting that the Court award it costs under 28 U.S.C. § 1920. [ECF No. 143]; *see, e.g., Adderley v. Three Angels Broadcasting Network, Inc.,* No. 18-23362-CIV, 2020 WL 1808209 (S.D. Fla. Apr. 9, 2020); *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1355 (S.D. Fla. 2008) (citing *Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001)) ("The Eleventh Circuit consistently supports shifting costs if the prevailing party obtains

3

judgment on even a fraction of the claims advanced.").

Defendant claims that

> A draft of [its] memorandum of all supporting documentation was sent to Plaintiff's counsel via email on September 17, 2021, with a request that Plaintiff's counsel provide objections in writing, if any, both as to entitlement and to any itemized costs with [sic] seven days. As of this writing, Plaintiff's counsel has not provided any such objections . . . .

[ECF No. 29-1]. The Local Rules require the party moving for a bill of costs to confer with affected parties as provided for in S.D. Fla. L.R. 7.1(a)(3). S.D. Fla. L. R. 7.3(c). Local Rule 7.1(a)(3) requires parties make good faith efforts to confer and resolve disputes. S.D. Fla. L. R. 7.1(a)(3). Defendant's actions met its obligation to make a good faith effort.

Plaintiff's failure to properly confer or to file a response motion is grounds to grant Defendant's motion by default. *See, e.g., Club Madonna, Inc. v. City of Miami Beach*, No. 1323762, 2015 WL 5559894, at *9 (S.D. Fla. Sept. 22, 2015) (citing *Sriskada v. Harbor Pita, Inc.*, No. 14–20526–CIV, 2014 WL 3908206, at *1 (S.D. Fla. Aug. 11, 2014)); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." (internal quotation marks omitted)).

Despite Plaintiff's failure to object to any costs or meaningfully confer with Defendant, it is still appropriate to independently assess Defendant's requested costs to determine whether they are recoverable under § 1920. *See Monelus v. Tocodrian, Inc.*, 609

4

F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("Although [the] [p]laintiff has failed to object to the costs set forth in Defendant's Motion, the Court nonetheless reviews each category of the items sought in the Defendant's Motion, and whether [the] [d]efendant can properly receive monies for these categories of costs under the statute."); *Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020) ("Although the Court could treat the [movant's] motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly.").

Defendant seeks costs for three separate categories of expenses: (1) Fees of the Clerk; (2) Subpoena and Associated Copying and Printing Costs; and (3) Deposition Costs. In addition, Defendant requests pre and post-judgment interest, and that the Court enter an Order requiring Plaintiff to complete Form 1.977.

    A.    <u>Filing Fees</u>

Defendant seeks to tax $400.00 for the cost of removing the case to federal court. [ECF No. 29-1, p. 3].

Removal fees are recoverable costs under 28 U.S.C. § 1920(1). *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268, 2015 WL 11197752, at *2 (S.D. Fla. Dec. 29, 2015) ("A removal fee is unquestionably a fee of the clerk." (internal quotation omitted)).

Therefore, the Court **respectfully recommends** that the District Court **grant** Defendant's request and award it **$400.00** for the removal fee.

B.  Subpoenas and Copy Costs

Next, Defendant seeks an award of $426.00 for the service of nine subpoenas along with the associated copying costs. [ECF No. 29-1, pp. 6-8]. As Defendant explains in its motion, each of the subpoenas were directed to an entity in possession of records relevant to the case. Defendant, as a matter of practice, "reasonably advances $8 in printing/copying costs when serving subpoenas for documents to expedite litigation by enabling the prompt receipt of documents from records custodians." *Id.* at p. 6. Thus, Defendant seeks reimbursement for the cost of each subpoena plus the $8.00 advanced copying costs.

Courts in this district have confirmed that service of process fees paid to private process servers are taxable under 28 U.S.C. § 1920(1), provided that the process server's rates do not exceed the fees of the U.S. Marshals to effectuate service. *Transatlantic Lines, LLC v. Portus, Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 1154796, at *3 (S.D. Fla. Jan. 13, 2016) (citing *W&O, Inc.*, 213 F.3d at 624). The United States Marshals rate to effectuate service is $65.00 per hour for process served, plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3).

Further, "[p]ursuant to 28 U.S.C. § 1920(4), a prevailing party may recover '[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.'" *Equal Emp. Opportunity Comm'n v. Doherty Grp., Inc.*, No. 14-CV-81184, 2020 WL 8181630, at *7 (S.D. Fla. Dec. 29, 2020). In evaluating the

6

merits of a request for copying costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623.

Here, Defendant sufficiently justifies the cost of each subpoena and the necessity of the associated copying cost. The focus of each subpoena was to request copies of documents directly related to Plaintiff's medical condition, disability benefits, and health care providers. In addition, when applicable, Defendant explains how the documents obtained by the subpoenas were used in its litigation strategy and in its substantive motions.

In total, Defendant requests $426.00 (an amount which includes the cost of the subpoenas and the $8.00 in copying costs) distributed as follows to the nine subpoenaed entities: (1) Division of Retirement ($73.00); (2) St. John Clinic & Medical Center ($38.00); (3) Design Neuroscience ($38.00); (4) New Life Medical Inst. ($38.00); (5) Cater Wiggins & Assoc. ($68.00); (6) Bay Point Medical ($30.00); (7) Reflection of Mental Health ($30.00); (8) Dr. Patrick Romeus ($38.00); and (9) MetLife Insurance Co. ($73.00). Because none of the subpoenas exceed the $65.00 statutory limit and Defendant sufficiently justifies the copying cost, the Undersigned **respectfully recommends** the District Court **grant** Defendant's request and award it **$426.00** for the service of subpoenas and copying costs.

    C.    <u>Depositions</u>

Defendant also requests $1,204.50 in costs associated with taking Plaintiff's deposition. The cost of the deposition is broken down into the following categories: (1) Video Recording and Transcription; (2) Court Reporter Attendance; and (3) Delivery.

### i. Video and Stenographic Recordings

"The taxation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620. The factual question of whether specific deposition and transcript costs are taxable depends on whether the deposition was "necessarily obtained for use in the case." *Id.* at 621; *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012). If a deposition cost was incurred merely for convenience, to aid in thorough preparation, or for purposes of investigation only, then the cost is not recoverable. *W&O, Inc.*, 213 F.3d at 620 (internal citations omitted); *see also Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012). It is the losing party's burden to show that "specific deposition costs . . . [are] not necessary for use in the case[.]" *Monelus*, 609 F. Supp. 2d at 1337 (citing *W&O, Inc.*, 213 F.3d at 621).

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon, Inc.*, No. 12-24356-CIV, 2016 WL 411017, at * 3 (S.D. Fla. Feb. 2, 2016) (citing *Morrison v. Reichold Chem., Inc.*, 97 F. 3d 460, 464-65 (11th Cir. 1996)); *see also PODS Enters.*, 2015 WL

8

5021668, at *1 ("costs of videotaping depositions" are "taxable as a part of the cost of a videotaped deposition.").

"However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Perfect Web Technologies, Inc. v. Infousa, Inc.*, No. 07-80286-CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009); *see also Utopia Provider Systems, Inc. v. Pro–Med Clinical Systems, L.L.C.*, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (denying duplicative video deposition costs where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions).

Defendant has put forth sufficient justification for obtaining both a stenographic and video recording of Plaintiff's deposition. Although Defendant needed the stenographic recording for purposes of its summary judgment motion, it did not know before taking Plaintiff's deposition that there would be no dispute of material fact. Thus, Defendant also ensured that Plaintiff's deposition was video recorded because "video provides a superior method to assess witness credibility and would have been used at trial to impeach Plaintiff more effectively than a transcript . . . ." [ECF No. 29-1, p. 5]. This proffered justification is corroborated by the fact that Defendant did not seek to have the video reproduced once it knew there would not be a trial.

Therefore, the Undersigned **respectfully recommends** no reduction in costs for

9

the stenographic and video recording fees.

      ii.  <u>Appearance Fees</u>

Concerning appearance fees, courts in this district are split on whether appearance fees are taxable costs. *See, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (collecting cases on the split in authority but awarding $235 appearance fee for the plaintiff's deposition). The Undersigned, however, has observed that "[t]he majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2)." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014) (awarding $735 in court reporter attendance fees); *see also Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) ("Recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem.").

Accordingly, the Undersigned **respectfully recommends** that the District Court award the full Court Reporter Attendance Cost.

      iii.  <u>Other Fees</u>

The final deposition-associated cost for which Defendant seeks to tax is a $6.00 delivery fee. In the Undersigned's view, this cost is merely for counsel's convenience.

Neither physical nor electronic delivery charges are recoverable as costs under the statute. *See, e.g., RGF Env't Group v. Activ Tek Env't Corp.*, No. 08-80682-CIV, 2010 WL

3269982, at *3 (S.D. Fla. July 21, 2010) (declining to award costs for delivery charges); *TMH Medical Services, LLC v. Nat'l Union Fire Ins. Co. of Pittsburg*, No. 17-cv-920-Orl-37DCI, 2020 WL 5984040, at *4 (M.D. Fla. Sept. 2020) (declining to award "electronic delivery and handling" costs when necessity was unclear and unsupported by moving party's motion); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (denying courier handling and delivery fees); *Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) ("Costs for convenience under § 1920 include . . . shipping and handling, delivery costs, and express mail. . . . [S]hipment of depositions . . . which are incurred for the convenience and not necessity of counsel, are not taxable.").

Defendant has failed to put forth any justification for why this was a necessary expense. The mere fact that the expenditure may, in certain situations, be necessary does not allow for automatic recovery with no justification. For these reasons, the Undersigned **respectfully recommends** the District Court **deny** Defendant's request to tax the $6.00 delivery fee.

    iv.  Conclusion

Based on the foregoing, the Undersigned **respectfully recommends** the District Court award Defendant **$1,198.50 (a $6.00 reduction)** in deposition costs.

D.    Interest

In a subsection titled "Pre and post-judgment Interest," Defendant states that "when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." [ECF No. 29-1, p. 8 (quoting *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) (internal quotations omitted) (alterations removed))]. Following this statement, Defendant claims that the Court should include in its cost award "prejudgment interest from the date of the original judgment as well as post-judgment interest at the prevailing rate as prescribed by 28 U.S.C. § 1961." *Id.*

Defendant's distinction between prejudgment and post-judgment interest rests on an erroneous interpretation of *McDaniel's* holding. While the *McDaniel's* quote is factually accurate, Defendant neglects to mention that the Court's discussion was centered around the *costs* judgment, not the original judgment on liability. Therefore, the Undersigned **respectfully recommends** that the District Court award interest from only the date of the entry of the costs judgment.[1]

E.     Fact Information Sheet

---

[1] The Undersigned writes separately to note that Defendant's post-judgment interest request is unnecessary because "post-judgment interest automatically accrues under 28 U.S.C. § 1961." *Landi v. Home Depot USA, Inc.*, No. 2:17-CV-701-FtM-38MRM, 2020 WL 10465289, at *1 (M.D. Fla. July 22, 2020); *see also Am. Contractors Indem. Co. v. MD Constr. Servs. USA, Inc.*, No. 6:16-CV-952-Orl-40GJK, 2016 WL 11581679, at *4 (M.D. Fla. Dec. 8, 2016) ("[The] [p]laintiff's failure to request post-judgment interest does not preclude an award thereof."); *BP Prod. N. Am., Inc. v. Youssef*, 296 F. Supp. 2d 1351, 1355 (M.D. Fla. 2004) ("By force of Section 1961, a judgment bears interest at the statutory rate, even without a demand by the plaintiff or an order of the court.").

Defendant's final request is that Plaintiff be required to complete Florida Rule of Civil Procedure Form 1.977 in aid of Defendant's efforts to collect a costs judgment. This request is well taken.

Judgment creditors are entitled to discovery into a debtor's assets. Federal Rule of Civil Procedure 69(a) provides, in relevant part, the following:

> [i]n aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a).

Under this Rule, the Court also looks to both the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure. *See* Fed. R. Civ. P. (69)(a)(2) (a judgment creditor "may obtain discovery from any person … as provided in these rules or by the procedure of the state where the court is located"). Therefore, both Federal Rule of Civil Procedure 69 and Florida Rule of Civil Procedure 1.560 – which allows for discovery from "any person, including the judgment debtor, in the manner provided in these rules" – apply here.

In Florida, a prevailing party may request the Court instruct the judgment debtor to complete under oath the Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet). Fla. R. Civ. P. Rule 1.560(b). Indeed, several courts in this District have required judgment debtors to complete a fact information sheet as set forth in Fla. R. Civ. P. Form

1.977. See *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1359 (S.D. Fla. 2015); *Whitwam v. JetCard Plus, Inc.*, No. 14-22320, 2014 WL 6433226, at *2 (S.D. Fla. Nov. 13, 2014); *Rodriguez v. Super Shine and Detailing, Inc.*, No. 09-23051, 2013 WL 4786596, at *4 (S.D. Fla. Sept. 6, 2013).

Therefore, the Undersigned **respectfully recommends** the District Court **grant** Defendant's request and Order Plaintiff to complete the fact information sheet under oath.

### III. Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Defendant's motion for costs and award it **$2,024.50** in taxable costs ($6.00 less than the requested amount), plus interest from the date of the costs judgment. The Undersigned also **respectfully recommends** that the District Court Order Plaintiff to complete under oath Florida Rule of Civil Procedure Form 1.977.

### IV. Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall

bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on March 29, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record